NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NESTOR BLADIMIR AQUINO-MORAN, | No. 16-70993 |
| Petitioner, | Agency No. A087-718-943 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022[**]

Before:    McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Nestor Bladimir Aquino-Moran, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for asylum, withholding of removal, and relief under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We dismiss in part and deny in part the petition for review.

In his opening brief, Aquino-Moran does not contest the BIA's conclusion that he waived any challenge to the IJ's determination that his asylum application was time barred. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (concluding petitioner waived challenge to issue not specifically raised and argued in his opening brief). We lack jurisdiction to consider Aquino-Moran's contentions as to the merits of an asylum claim because he did not raise them to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (stating that the court lacks jurisdiction to review claims not presented to the agency). Thus, Aquino-Moran's asylum claim fails.

As to withholding of removal, Aquino-Moran does not raise, and therefore also waives, any challenge to the BIA's dispositive conclusion that he failed to establish membership in a cognizable particular social group. *See Lopez-Vasquez*, 706 F.3d at 1079-80. Thus, Aquino-Moran's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Aquino-Moran failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See*

*Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject Aquino-Moran's remaining contentions of legal or due process error as unsupported by the record.

The temporary stay of removal remains in place until the issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**